UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT HAMMONDS, II<br>#201500035538,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF JEFF LONG, et al.,<br><br>    Defendants | NO. 3:18-cv-00799<br>CHIEF JUDGE CRENSHAW |

## MEMORANDUM AND ORDER

Robert Hammonds, a state inmate incarcerated in the Williamson County Jail in Franklin, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), along with an application to proceed in district court without prepaying fees and costs. (Doc. No. 2.) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

    A.    **Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The administrator of the facility in which Plaintiff is currently housed, as custodian

of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Williamson County Sheriff to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

### B. Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d

461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that on March 28, 2018, he was charged with an institutional disciplinary infraction for using another inmate's phone account. (Doc. No. 1 at 7.) His punishment was 30 days in segregation, and the loss of his opportunity to earn work credits for the remainder of his 4-year sentence. (Id.) He alleges that the lost opportunity to earn sentence credits will result in his serving 9 more months of his sentence. (Id.) He claims that these facts constitute a violation of his constitutional rights.

To state a claim for a constitutional violation in connection with disciplinary convictions or resulting segregation under § 1983, a plaintiff must establish that he had a protected liberty or property interest, and that the defendants deprived him of that interest without due process. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999). In the prison context, protected liberty interests are limited to freedom from conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484

(1995). 30 days in segregation does not rise to that level. Id. at 486. Accordingly, Plaintiff's month in segregation did not amount to a constitutional violation.

Similarly, the lost opportunity to earn sentence credits is not unconstitutional, because inmates have no constitutional right to earn sentence credits or to any other early release from a lawfully imposed sentence. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979); Hansard v. Barrett, 980 F.2d 1059, 1062 (6th Cir. 1992). Plaintiff's inability to earn credits toward his sentence, therefore, does not support a viable claim under § 1983.

### C. CONCLUSION

For the reasons explained above, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE